James S. Saleson and J. Palmer Realty, Inc., Plaintiffs-Appellants in Each of the Causes, v. Department of Registration and Education of the State of Illinois, an Administrative Agency, John C. Watson, Director of Said Department, and Oscar C. Brown, et al., Members of the Real Estate Examining Committee Thereof, Defendants-Appellees in Each of the Causes, Bertha Haug and Fred A. Haug, Appellees in Gen. No. 52,315, Samuel L. Evins, Appellee in Gen. No. 52,316, Margaret Sanchez, Appellee in Gen. No. 52,317.

Gen. Nos. 52,315–52,317.

First District, First Division.

April 22, 1968.

Rehearing denied June 12, 1968.

Marvin L. Goldberger and Louis Jaffie, of Chicago (Harry G. Fins, of counsel), for appellants.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole and Robert F. Nix, Assistant Attorneys General, of counsel), for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

In three separate administrative decisions, the Department of Registration and Education of the State of Illinois revoked the real estate broker's certificate of plaintiff, James S. Saleson, who does business under the name of J. Palmer Realty Associates, Inc. Plaintiff filed separate appeals from Circuit Court orders which affirmed each decision of revocation. The appeals (Nos. 52,315–16–17) are consolidated in one opinion for convenience and clarity. The facts in each appeal are set forth separately.

### No. 52,315

In this action the report of the "findings and recommendation" of the Real Estate Examining Committee included the following:

> "Hearing on the charges herein was held at the Chicago office of the Department on February 17, 1965. The Respondent was present in person and represented by Mr. Louis Jaffie and Mr. Abraham Rottenberg. The relator was present in person. Mr. Frank J. Gagen, Jr., was present on behalf of the Department.

> "After due consideration of all of the evidence adduced at the said hearing the undersigned Real Estate Examining Committee, finds as follows:

>> "1. Respondent James Saleson is, and was at all times referred to herein, a duly licensed real estate broker in the State of Illinois.
>> "2. That Bertha L. Haug and Fred A. Haug listed their property at 3305 Eastwood,

106

Chicago, Illinois for sale with J. Palmer Realty Associates, Inc. at a net price of $15,500.00. J. Palmer Realty Associates Inc. sold said property to Richard Wrona and Rita J. Wrona, his wife, for the sum of $15,900.00; the Wronas deposited $1,000.00 earnest money with said J. Palmer Realty.

"3. That the deal was closed at Avondale Savings and Loan Association on October 29, 1964; a representative of said J. Palmer Realty delivered a receipt for $400.00 as commission and delivered check #1082, J. Palmer Realty Assoc., Inc. Special Account, drawn on the Bank of Niles, dated October 29, 1964, in the sum of $600.00 payable to Fred A. Haug and Bertha L. Haug; check was deposited by Haug with the Lakeview Trust and Savings Bank.

"4. That said check was returned marked 'N.S.F.' A call to the cashier of the Bank of Niles on November 7, 1964 disclosed that there were not sufficient funds in the aforesaid Special Account to pay said check. Mr. Palmer promised to redeem said check on November 9, 1964 and on said date promised to redeem on or before November 12, 1964. Calls to Mr. Palmer after November 9, 1964 were not answered.

"5. That the complaint was filed in the Department of Registration and Education on November 14, 1964, and, thereafter, on a date in December, 1964 the amount due the Haugs was delivered to them; that neither this Committee nor any individual member thereof was party to any agreement to dismiss this action and no notice thereof was

107

delivered or served on the Committee for its action or consideration thereon.

"On the basis of the foregoing the undersigned Real Estate Examining Committee concludes that the Respondent is guilty of conduct within the purview of Section 8(d)7, 11 and 14 of the Illinois Real Estate Brokers and Salesman Law, and it is respectfully recommended to the Director of the Department of Registration and Education of the State of Illinois that the Respondent's license as a real estate broker in the State of Illinois be Revoked."

On December 29, 1965, the Director of Registration and Education adopted the findings and recommendation of the Real Estate Examining Committee and revoked "the certificate of registration of James S. Saleson as a real estate broker."

On April 10, 1967, in a review action, the Circuit Court of Cook County entered an order which revoked plaintiff's license as a real estate broker and affirmed the decision of the Department of Registration and Education. This is the order from which plaintiff appeals.

As to the foregoing findings of fact of the committee, plaintiff contends: "The evidence in the record shows only that there was, at most, a delay of six weeks in the delivery of $600.00. This does not justify the revocation of a license to practice a trade or profession and the deprivation of a livelihood to the licensee. The real reason for the revocation of the license in the case at bar is to punish the licensee for his refusal to testify before the Department of Registration and Education. The Department's conduct is prohibited by the Federal Constitution, as determined by the recent decisions of the Supreme Court of the United States, which cases are hereinafter discussed."

108

In this action the hearing was also held on February 17, 1965. Respondent was present in person and represented by counsel.

The findings of the committee included the following:

"2. That on October 9, 1964, Samuel L. Evins presented a contract for the purchase of a four (4) apartment building located at 2642 West Summerdale in the City of Chicago to James Saleson together with a cashiers check in the amount of three thousand ($3,000.00) dollars, endorsed to the J. Palmer Realty Associates, Inc., escrow account only, earnest money deposit.

"3. That under the terms of said contract, the earnest money was to be held in the escrow account until the offer was accepted or rejected, on or before October 19, 1964, and if the offer is rejected, within the ten (10) days, on or before October 19, 1964, the offer shall be null and void and all earnest money refunded immediately to Samuel Evins.

"4. That the contract and earnest money was to be held by J. Palmer Realty Assoc., Inc., escrow account for the mutual benefit of the parties and that James Saleson was the agent and operator of J. Palmer Realty Associates, Inc.

"5. That on the 19th day of October, 1964, the offer was not accepted and on October 24, 1964, James Saleson and J. Palmer Realty Associates, Inc., received a registered letter demanding return of the $3,000.00 escrow deposit which he and it failed to remit to Samuel L. Evins.

> "6. That Samuel L. Evins filed his complaint with the Department of Registration on November 5, 1964, and same was served upon James Saleson on November 13, 1964 by registered mail; that on some date thereafter during the month of December, 1964 a sum of money in the amount of $3,000.00 was delivered to Samuel Evins by an agent of James Saleson."

The committee concluded respondent (plaintiff) was guilty of conduct "within the purview of Section 8(d)7 and 11 of the Illinois Real Estate Brokers and Salesman Law" and recommended that his license as a real estate broker be revoked.

The subsequent license revocation review procedure and dates, including the trial court order of affirmance, are the same as set forth in appeal No. 52,315.

As to the findings of fact in this case, plaintiff contends: "The evidence in the record shows only that there was, at most, a delay of two months in the return of the $3,000.00 which Evins gave to Saleson. This does not justify the revocation of a license to practice a trade or profession and the deprivation of a livelihood to the licensee." Plaintiff also asserts, as in appeal No. 52,315, that "[t]he real reason for the revocation of the license in the case at bar is to punish the licensee for his refusal to testify . . . ."

### No. 52,317

In this action the hearing on the charges was held on March 17, 1965. The respondent (plaintiff) was not present in person but was represented by his attorney, Mr. Louis Jaffie. The findings of the committee included the following:

> "2. That on December 2, 1964, Marguaret Sanchez executed a real estate contract for the

110

purchase of property at 4948 North Saint Louis Avenue, Chicago, Illinois, and delivered same together with an earnest money deposit of $2,000.00 to James S. Saleson in the offices of the J. Palmer Realty Associates, Inc.

"3. That James S. Saleson failed and neglected to present the offer to purchase the property at 4948 Saint Louis Avenue, Chicago, Illinois to the owners thereof, and had not done so by December 28, 1964.

"4. That beginning on December 28, 1964 and on numerous times thereafter, demand was made on the said James S. Saleson by Marguaret Sanchez and her agent for return of the earnest money deposit.

"5. That James S. Saleson has wilfully refused to return the said earnest money deposit or otherwise account to the said Marguaret Sanchez."

The committee concluded that respondent was guilty of conduct within the purview of Section 8(d)7 and 11 of the Illinois Real Estate Brokers and Salesman Law, and recommended that his license as a real estate broker be revoked.

The subsequent license revocation review procedure and dates, including the trial court order of affirmance, are the same as set forth in appeal No. 52,315.

As to the findings of fact in this case, plaintiff contends: "The evidence in the record shows only that there was, at most, a delay in the return of the $2,000.00 which Mrs. Sanchez gave to Saleson. This does not justify the revocation of a license to practice a trade or profession and the deprivation of a livelihood to the licensee." Plaintiff also asserts, as in appeals Nos. 52,315 and 52,316, that '[t]he real reason for the revocation of the license

111

in the case at bar is to punish the licensee for his refusal to testify . . . ."

In Illinois, the regulation of real estate brokers and real estate salesmen is provided for in Chapter 114½, Illinois Revised Statutes. Section 8 sets forth the grounds for the "Refusal, suspension or revocation of certificate," and includes the following:

> "The Department may refuse to issue or to renew or may suspend or revoke any certificate of registration for any one or any combination of the following causes:
>
> " . . .
>
> "(d) Where the registrant in performing or attempting to perform or pretending to perform any act as a real estate broker or salesman, or where such registrant, in handling his own property, whether held by deed, option, or otherwise, is deemed guilty of:
>
>> " . . .
>>
>> "7. Failure to account for or to remit for moneys or documents coming into his possession which belongs to others, or
>>
>> " . . .
>>
>> "11. Having demonstrated unworthiness or incompetency to act as a real estate broker or salesman in such manner as to safeguard the interests of the public, . . . ."

In the three appeals, plaintiff asserts that the issue presented for review is "whether the Department of Registration and Education of the State of Illinois complied with Federal Constitutional law in the revocation of the real estate broker's license." Based upon the foregoing Federal Constitutional issue, plaintiff makes the following contentions:

112

1. There is no evidence to justify the revocation of a real estate broker's license in the case at bar.
2. A proceeding to revoke a license to practice a trade or profession causing the deprivation of an opportunity to earn a livelihood through such trade or profession is a "criminal case."
3. Since the proceedings herein is a "criminal case," the State had the burden to prove guilt beyond a reasonable doubt, which the State failed to do.
4. The revocation of the license in the case at bar causing the deprivation of the opportunity to earn a livelihood constitutes "cruel and unusual punishment," in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States.

The determinative contention of plaintiff is that "a proceeding to revoke a license to practice a trade or profession causing the deprivation of an opportunity to earn a livelihood through such trade or profession is a 'criminal case.'" In support, plaintiff relies on Spevack v. Klein, 385 US 511 (1967). In that case, plaintiff, a New York lawyer, refused to produce his records in a disciplinary proceeding. The Appellate Division of the New York Supreme Court ordered him disbarred, holding that the privilege against self-incrimination was not available in the light of Cohen v. Hurley, 366 US 117 (1961). In reversing the New York disbarment order, the court said (p 514):

> "We conclude that Cohen v. Hurley should be overruled, that the Self-Incrimination Clause of the Fifth Amendment has been absorbed in the Fourteenth, that it extends its protection to lawyers as well as to other individuals, and that it should not be watered down by imposing the dishonor or disbarment and the deprivation of a livelihood as a price for asserting it. . . . We said in Malloy v. Hogan [378 US 1 (1964)]:

113

" 'The Fourteenth Amendment secures against state invasion the same privilege that the Fifth Amendment guarantees against federal infringement—the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence.' "

And on page 516:

"The threat of disbarment and the loss of professional standing, professional reputation, and of livelihood are powerful forms of compulsion to make a lawyer relinquish the privilege. That threat is indeed as powerful an instrument of compulsion as 'the use of legal process to force from the lips of the accused individual the evidence necessary to convict him . . . .' . . . We find no room in the privilege against self-incrimination for classifications of people so as to deny it to some and extend it to others. Lawyers are not excepted from the words 'No person . . . shall be compelled in any criminal case to be a witness against himself'; and we can imply no exception."

Plaintiff argues, "It is, therefore, clear that the holding of Spevack v. Klein is that a disciplinary proceeding is a criminal case." On the basis of this interpretation of the Spevack decision, plaintiff asserts that the Department of Registration had the burden of proving guilt beyond a reasonable doubt, and the revocation of his broker's license constituted the infliction of "cruel and unusual punishment."

Plaintiff further argues that "in order to circumvent the citizen's protection guaranteed by the Bill of Rights and the Fourteenth Amendment, many States have labeled as 'civil' proceedings which result in penalties and deprivation to the citizen. In 1963, the Supreme Court

114

of the United States made it clear that 'a State cannot foreclose the exercise of constitutional rights by mere labels.' (N.A.A.C.P. v. Button, 371 US 415, 429)."

The defendants argue that the ruling in Spevack v. Klein, supra, is not applicable to these cases because the record in each case "is completely absent of any suggestion that the license was revoked for failure to cooperate with the Department of Registration and Education. [In appeal No. 52,315] the license was revoked because Saleson gave a worthless check to Mrs. Haug; [in appeal No. 52,316] the license was revoked for withholding earnest money. There was no finding that the licensee failed to cooperate in any way with the Real Estate Examining Committee; [in appeal No. 52,317] the license was revoked for his failure to transmit an offer to purchase and for withholding earnest money. There was no finding that the licensee failed to cooperate in any way with the Real Estate Examining Committee. Thus, the reliance on the Spevack case is misplaced and of no benefit to the licensee."

 We do not agree with plaintiff that "a proceeding to revoke a license to practice a trade or profession causing the deprivation of an opportunity to earn a livelihood through such trade or profession is a 'criminal case.' "

Recently, in a disbarment proceeding, In re Damisch, 38 Ill2d 195, 230 NE2d 254 (1967), our Supreme Court said (p 206):

> "Respondent also urges that Spevack v. Klein, 385 US 511, 17 L Ed2d 574, 87 Sup Ct 625, has made it clear that disciplinary proceedings are criminal in nature, entitling respondents therein to all the rights to which criminal defendants are entitled, and that its implications are fatal to complainant's case. Spevack extends the privilege against self-incrimination to an attorney in a disciplinary proceeding. The reason given for this extension is that disbarment is a

punishment and that there can be no punishment for refusal to speak. The fifth amendment provides that: 'No person . . . shall be compelled *in any criminal case* to be a witness against himself.' (Emphasis supplied.) Seizing on the italicized language of this quotation, respondent apparently argues that since the Supreme Court extended the privilege against self-incrimination to an attorney in a disciplinary proceeding, such a proceeding must be a 'criminal case'. In his reply brief he recognizes that the italicized language has been wholly ignored in defining the limits of the privilege against self-incrimination and by so doing he has acknowledged the defect in his argument. Nothing in Spevack has affected the continuing validity of the rule which has heretofore been adhered to in this State: a disciplinary proceeding is not a criminal prosecution and is not subject to all the rules that govern such a case. E. g., In re Anderson, 370 Ill 515, 522; In re Needham, 364 Ill 65, 68.

"The principal argument presented is that the evidence in support of the complaint is insufficient to establish solicitation, citing our decisions holding the complaint of misconduct similar to an indictment in that respondent is presumed innocent until proved guilty (In re Donaghy, 393 Ill 621) and that the evidence should be resolved upon a theory of innocence where reasonably possible to do so (People v. Bentley, 357 Ill 82). There is no doubt that such is and should be the rule, but neither the Commissioners nor this court are required to be naive or impractical in appraising an attorney's conduct."

We believe the pronouncements made in In re Damisch apply here, and the record in each case must be examined in the light of the guidelines established in this state for disciplinary proceedings.

116

 Administrative as well as judicial proceedings are governed by the requirement of due process of law (Italia America Shipping Corp. v. Nelson, 323 Ill 427, 154 NE 198 (1926)), and plaintiff's right to enjoy the privilege of a real estate broker's license is entitled to be so protected and secured, and "in a proceeding so serious, due process of law requires a definite charge, adequate notice and a full, fair and impartial hearing." (Smith v. Department of Registration and Education, 412 Ill 332, 106 NE2d 722 (1952).) The findings of an administrative committee "must be based on evidence presented in the case, with an opportunity to all parties to know of the evidence to be submitted or considered, to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal, and nothing can be treated as evidence which is not introduced as such." Fleming v. Illinois Commerce Commission, 388 Ill 138, 149, 57 NE2d 384 (1944).

 An examination of the record in these three appeals shows that the findings of the Real Estate Examining Committee are substantiated by the evidence and are neither arbitrary nor capricious. The conduct of the hearings was fair and impartial, and plaintiff was represented. The record does not reflect plaintiff's contention that "the real reason for the revocation of the license in the case at bar is to punish licensee for his refusal to testify." We fail to find, as is required in order to reverse any one of these three appeals, that an opposite conclusion to that of the Committee is clearly evident.

We conclude the judgments of the Circuit Court affirming the orders of the Department of Registration and Education were correct and are hereby affirmed.

Appeals Nos. 52,315, 52,316, 52,317—judgments of the Circuit Court of Cook County affirmed.

BURMAN, P. J. and ADESKO, J., concur.