Herschel **V.** **Massey, Plaintiff-Appellant, v. Fire and Police Commission of the City of Mt. Vernon, Illinois, et al., Defendants-Appellees.**

**Gen. No. 60–F–16.**

Fourth District.
May 27, 1960.

Jay B. Stringer, of Mt. Vernon, for appellant.

Demetri Hassakis, of Mt. Vernon, for appellee.

SCHEINEMAN, P. J.

This suit was brought for the review of a decision by an administrative board, the Fire and Police Commission of the City of Mt. Vernon, which had ordered that the plaintiff be discharged from the police force of that city. The Trial Court refused to reverse the decision of the board, and this appeal followed. The grounds here urged are that the board must necessarily make specific findings of fact in support of its decision, and the board had merely found the plaintiff "guilty as charged."

The plaintiff was charged with conduct unbecoming to an officer, neglect of police duties and improper use of city property. He was notified in writing of the details of the charges, he received a full hearing before the board, at which he testified, and he was represented by counsel. The testimony was taken and transcribed, it was before the trial court for review, and is part of the record on this appeal.

The facts elicited at the hearing, testified to by the plaintiff, himself, were that he and a fellow officer picked up two girls while on duty in a police squad car at night, drove out of the city to a pistol range, where they parked for a short time, and later, with the women still in the car, answered a police call, driving through the city streets at approximately seventy miles per hour.

From some remarks in the transcript, it appears that the board, in its investigation, had obtained statements or depositions of the women, but they were not used at the hearing, nor were the women called as witnesses, since the plaintiff admitted all of the details of the charges.

By way of exculpation, the plaintiff stated that he was an unwilling participant in the entire affair, that his fellow officer, a veteran of several years, made the date with the women, that he, plaintiff, protested and

warned the other officer such conduct was improper and might result in their discharge, that as a rookie he had no alternative but to accompany his superior, that at no time did he take an active part, that he remained in the front seat and did not touch either of the women, and only conversed with them to the extent of answering questions. Subsequently worried about the matter, he finally reported it to the mayor, and there ensued the investigation, the charges, and ultimate dismissal of both officers from the force.

■ While the circumstance in mitigation of the offense could be given consideration by the board, neither the trial court nor this court could properly rule that the decision is contrary to the manifest weight of the evidence. In that situation, the disposition of the case was within the discretion of the administrative body.

Upon the procedural question of the necessity for specific findings of fact, we find no precedent in this state under similar statutes, where a record of the testimony before the administrative body was preserved for review, and supported its decision. Of course, there are statutes regulating the procedure before some administrative bodies, such as the Illinois Commerce Commission, with statutory requirement of specific findings of fact. There is no similar provision by statute applicable to the Fire and Police Commission, and the rules adopted by this commission for the guidance of its own procedure contain no such provision. Thus a procedural requirement for written findings in this case would have to be a rule judicially manufactured.

Plaintiff's brief cites Cartan v. Gregory, 329 Ill. App. 307, 68 N.E.2d 193, as holding that a commission must make written findings of fact. We do not find that to be the real import of the case. The actual holding was that the record of hearing before the board did not show any evidence had been presented which

149

would support the decision. Likewise in Funkhouser v. Coffin, 301 Ill. 257, 133 N. E. 649, the court held: "The record before us does not disclose in any way any facts constituting a cause for the removal of appellee from his position as a police officer." . . . "Appellee has a right to a judicial review of the proceedings, and the record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order."

A note in 146 A. L. R. 209 contains many citations of cases involving the necessity of "findings." The importance of detailed findings in rate cases and similar proceedings is shown. But, as to other types of tribunals, operating under statutes which do not contain a requirement of express findings, the following conclusion is reached:

> "It may be safe to state as a general proposition that, irrespective of how the general rules concerning the necessity of express findings may be formulated, no such findings are required, or, at least, the lack of such findings is not reversible error, where the findings are not necessary to enable the reviewing court to perform its function, as where the facts as to which no findings are made are immaterial to the administrative decision, or where justification for such decision otherwise appears; or where neither the plaintiffs nor anyone else could have been, or can be, benefitted if the findings had been more specific."

■ In the case before this court, the justification for the decision of the commission appears from the transcript of the evidence. That is what the courts require of administrative bodies, in order to perform the judicial function of determining whether there

was any evidence to sustain the order. It would be of no help to the court, nor any benefit to plaintiff, to add a requirement for findings of fact by the board. Accordingly, the absence of such findings is not ground for reversal, and the judgment of the trial court is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ., concur.