THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD W. DRURY, Defendant-Appellant.

(No. 11254;

Fourth District—February 25, 1971.

Patrick V. Reilly, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Bruce D. Locher, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged with armed robbery, robbery, aggravated battery, battery, and burglary. A jury trial resulted in verdicts finding the defendant guilty of robbery, aggravated battery, battery, theft under $150, and not guilty of the offense of theft over $150, burglary, and armed robbery. The record indicates that the defendant was sentenced to the penitentiary for a term of not less than four nor more than twelve years for the offenses of armed robbery, robbery, aggravated battery, and battery, as charged in the indictment. This appeal is from that judgment and sentence.

The defendant contends first that the indictment for aggravated battery was defective in that use of a deadly weapon while committing a battery was not the offense of aggravated battery at the time of the incident here involved because of three amendments to the statute defining the offense of aggravated battery, one of which omitted reference to use of a deadly weapon. The defendant also contends that the trial court was in error when it denied his motion to suppress as evidence certain articles of clothing with bloodstains thereon and coins taken from his automobile, and further that the action of the trial court in so ruling without findings of facts was error. Finally, it is contended that the sentencing cannot stand because the record demonstrates that the sentencing was for offenses other than those of which the defendant was found guilty. In this connection, we have taken with this appeal a motion by the People to amend the record of judgment and sentence together with objections thereto. It is the thrust of that motion that the judgment and sentence as reflected in the record is the subject of a typographical error when it reflects sentencing for armed robbery, robbery, and the other enumerated offenses.

Count 3 of the indictment charged the offense of aggravated battery in that the defendant and another committed a battery by use of a deadly weapon. The indictment with which we are concerned charges that the offenses were committed on May 15, 1969. In 1968, the Illinois General Assembly adopted two amendments to the Criminal Code (Ill. Rev. Stat. 1967 ch. 38, par. 12—4). The last amendment approved August 20, 1968, did not define "aggravated battery" in terms of use of a deadly weapon. A prior act, approved and effective on August 17, 1968, did so define "aggravated battery". A subsequent amendment, effective August 19, 1969, effectively combined the terms of the two preceding amendments, and again defined "aggravated battery" as involving the use of a deadly weapon. The defendant contends that the last act preceding this offense, which omits reference to use of a deadly weapon should control, and therefore the indictment for aggravated battery did

not state an offense. He relies upon *People ex rel. Hines v. Baltimore & O. S.W. R.R.* (1937), 366 Ill. 318, 8 N.E.2d 655, with reference to the effect of two or more amendments at a session of the legislature, that the last passed amendment would govern.

■■■ It is our understanding that this rule is applicable when it is indicated that the last legislative expression clearly manifests the legislative intention or when there are two or more amendments which are inconsistent or repugnant so as to preclude each from being operative. Our examination of the amendments here involved does not demonstrate such inconsistency or repugnance that requires such an interpretation. The amendments here can be reconciled, and thus we find no merit to the defendant's contention that the indictment does not charge aggravated battery within the statutory definition. See *Du Bois v. Gibbons* (1954), 2 Ill.2d 392, 118 N.E.2d 295.

The ruling of the trial court in denying the defendant's motion to suppress the items of evidence presents a different problem. Section 114—12(e) of the Code of Criminal Procedure, (Ill. Rev. Stat. 1969, ch. 38, par. 114—12) provides that the order or judgment of the trial court granting or denying a motion to suppress illegally seized evidence shall state the findings of facts and conclusions of law upon which the order or judgment is based. In this case there was no such finding. The People assert that the absence of such finding does not invalidate the ruling, and cite in support of this proposition *People p. Haskell*, (1968), 41 Ill.2d 25, 241 N.E.2d 430, and *People v. Donel* (1970), 44 Ill.2d 280, 255 N.E.2d 454. In *Donel*, the court affirmed an order of the trial court suppressing certain evidence and observed that the failure of the trial court to indicate the basis for its ruling was not fatal on appeal. In *Haskell*, the court observed that the absence of specific findings, coupled with a denial of the motion to suppress, implied that the trial court must have discredited the testimony of the defense witnesses. The court, in *Haskell*, reversed on its determination that the ruling on the motion to suppress was erroneous.

The statutory requirement for findings of facts and conclusions of law upon which the order or judgment is based was added to the statute and became effective on July 1, 1965. Neither *Donel* nor *Haskell* specifically discuss the necessity for the statutorily required findings and conclusions.

In this case there is some inconsistency and conflict in the testimony with reference to the issue of consent to search, and likewise with reference to the issue of permissible area of search incident to a valid arrest without a warrant. We cannot discern whether the ruling of the trial court was based upon the existence of consent or upon the asserted

validity of the search under the circumstances and within the limitations of *Chimel v. California* (1969), 395 U.S. 752, 89 S. Ct. 2034, 23 L.Ed.2d 685.

■■ While it is preferable that there be findings of facts and conclusions of law, the absence of such does not require a reversal if, as here, it can fairly be said that the record and evidence would sustain the ruling of the trial court notwithstanding the absence of such findings. Here the trial-court ruling is sustainable by consent or permissible area of search.

■■ It cannot be ascertained with that degree of certainty required that the judgment and sentence in this case, reflecting a sentence for armed robbery, is in fact merely a correctible typographical error. At the hearing in aggravation and mitigation it was correctly stated that the defendant had been convicted of robbery, but it was also represented that he was convicted of theft over $150. Such assertion was a misapprehension of the verdicts of the jury as we find them in the record. It is appropriate that this apparent defect be corrected in the trial court. Accordingly, the sentence is vacated and this cause is remanded to the circuit court for reimposition of sentence in accordance with the verdicts of the jury.

Affirmed and cause remanded for further proceedings.

SMITH, P. J., and TRAPP, J., concur.