THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETER SULLIVAN, Defendant-Appellant.

(No. 71-284; 

Second District—September 14, 1972.

Young, Botti & Fawell, of Lombard, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., and Malcolm F. Smith, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant was convicted by a jury of unlawful possession of a depressant drug in violation of Ill. Rev. Stat. (1969), Ch. 111½, Sec. 802(c), and sentenced to seven days in the County jail and a $250 fine. On this appeal, he contends that the court erred in rulings on his motion to suppress evidence; that the court erred in refusing certain instructions; that he was not proven guilty beyond a reasonable doubt; and that his sentence was excessive.

At 2:20 A.M. on July 5, 1971, defendant was returning from a party with a friend who was apparently asleep on the passenger side of the vehicle. A police officer was about to make a left turn on to Route 53 when the defendant's car passed at a high speed at a close interval to another car. The officer proceeded to follow the defendant who turned onto Hobson Road. As the police car approached, the police officer noticed the defendant's license plate was bent and the right license plate light was out. The officer then proceeded to stop the defendant by activating his Mars light, flashing headlights and spotlight. The defendant did not immediately stop but proceeded a quarter of a mile further and the officer noticed that the defendant threw two small objects onto the road some three hundred feet after he had turned onto Hobson Road. The defendant stopped within another three hundred feet. The police officer testified that when he noted the driver throw the object onto the road he radioed another officer for assistance who was two blocks away, and advised him to look for the two small objects on Hobson Road approximately three hundred feet west of Route 53, and that one of the objects had landed on the paved portion of the road. The second police officer walked along Hobson Road and at a point two hundred seventy-five to three hundred feet west of Route 53 found

a small packet lying in the east-bound lane containing two pills, later identified as secobarbital and amobarbital, depressant drugs. The second police officer testified that the time elapsed from receiving the call and finding the package was two to two and one-half minutes.

■■ Prior to trial the defendant filed a motion to suppress evidence "illegally seized from the defendant's presence." In support of this motion defendant contended that the police acted without probable or reasonable grounds in stopping the defendant for a traffic violation, and that the property in question was seized in violation of defendant's constitutional rights. A lengthy hearing was had on the motion to suppress which consisted primarily of the right of the police officer to stop the defendant for the traffic violation. As pointed out by the trial Judge, there was no search of the defendant or his immediate presence when the evidence was found. As further pointed out by the State's Attorney, the property in question had been abandoned. The defendant contends that the trial court at the hearing on the motion to suppress, unduly restricted his cross examination. The effort of the defendant to further inquire by cross examination of the police officers into other issues was not pertinent and did not constitute error.

The ultimate question presented to this court with regard to defendant's motion to suppress made prior to trial, is whether the packet of drugs was constitutionally admissible against him at the trial. In support of this contention counsel has cited but one case, *People v. Moncrief* (1971), 131 Ill.App.2d 770, 268 N.E.2d 717. The question presented in *Moncrief* was whether or not the deputy sheriff had reasonble grounds to arrest the defendant under his belief that the defendant had committed a crime when he arrested him. The deputy sheriff who made the arrest did not testify in *Moncrief*. On the basis that no evidence was presented showing probable cause for the arrest, the Appellate Court reversed and held that the motion to suppress should have been granted as no probable cause was shown.

■■ In the instant case the defendant contends therefore that the officer did not have reasonable grounds or probable cause to stop him. The defendant testified that the license plate was not bent and that the light was operative. Defendant further contends that he was subsequently then improperly charged with possession of dangerous drugs. As pointed out in *People v. Ambrose* (1967), 84 Ill.App.2d 128, 228 N.E.2d 517, whether or not the defendant was convicted of the traffic violation in question is not determinative of the right to prosecute a defendant for another offense based upon evidence obtained resulting from, and subsequent to the arrest. The arresting officer testified that the vehicle license plate was bent on both ends and the right license plate light was out,

making the license unreadable. On the motion to suppress, the trial court chose to believe the testimony of the officer in this regard. The Illinois statute provides that the rear registration plate must be so lighted that it is clearly legible from a distance of fifty feet to the rear. (Ill. Rev. Stat., Ch. 95½, Sec. 12-201(b).) We therefore hold that the arrest was proper. Having so held, the question of whether or not the defendant threw the evidence from the moving car was a fact to be determined in the trial.

■■ The trial court failed to state his findings of fact and conclusions of law in denying this motion to suppress. Ill. Rev. Stat. (1967), Ch. 38, Sec. 114-12(d) provides that the order denying or granting a motion to suppress shall state such findings of fact and conclusions of law. However, the Supreme Court of Illinois has held conclusions of law and findings of fact may be inferred from the ruling of the trial court on the motion to suppress.

As stated in *People v. Drury* (1971), 130 Ill.App.2d 798, 268 N.E.2d 460 at 462:

> "While it is preferable that there be findings of fact and conclusions of law, the absence of such does not require a reversal if, as here, it can fairly be said that the record and evidence would sustain the ruling of the trial court notwithstanding the absence of such findings."

The trial court in denying the motion to suppress obviously based its ruling upon his finding of a lawful arrest.

■■■ The court over defendant's objection, submitted the following IPI instruction (3.02) on behalf of the State pertaining to circumstantial evidence:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

The defendant sought to add the second paragraph of this IPI instruction:

> "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The defendant contends that the court erred in not allowing the entire instruction, the basis for his contention being that all of the evidence was circumstantial. This is not correct as officer Machacek directly testified that he saw the defendant throw a small packet out of the window of the car which was recovered by officer Harrison within 2-3 minutes.

It is therefore direct evidence, as pointed out by the State, that the defendant had something which he threw out the window and the circumstantial evidence is whether or not the item recovered was in fact the item thrown out of the window of the car. It can thus be seen, as pointed out in the Committee notes pertaining to this instruction, the latter part should be given only when the proof of guilt is entirely circumstantial. (*People v. Gardner* (1954), 4 Ill.2d 232 at 240, 122 N.E.2d 578 at 582; *People v. Christiansen* (1969), 118 Ill.App.2d 51, 254 N.E.2d 156 at 158.) We therefore hold that the instruction as given was proper.

■■ Defendant further contends that the court should have given an instruction pertaining to possession as a voluntary act. (IPI 4.15) With this we do not agree. This instruction does not define "possession" but the "voluntary act of possession." Inasmuch as defendant denied possession of the drug, such an instruction was not proper.

■■ The next contention of the defendant is that he was not proven guilty beyond a reasonable doubt. Defendant places considerable stress on the necessity of finding abandoned drugs within the immediate vicinity of the accused. No cases are cited however where the drugs are thrown from a moving vehicle. Defendant has cited *People v. Jackson* (1961), 23 Ill.2d 360, 178 N.E.2d 320, in support of his position. In *Jackson*, the defendant was not observed in possession of, or in the act of disposing of the drugs. She was apprehended in a bathroom with the window opening on an airwell. The drugs were found in the bottom of the airwell. The Supreme Court in reversing, held this did not constitute sufficient evidence of possession, holding that another might have thrown the drugs into the airwell. However, that is not the factual situation in the instant case.

In *People v. Mills* (1968), 240 N.E.2d 302 at 306, the court stated:
> "* * * the police spotlight was directed into the cab's rear seat, and in an effort to avoid detection, the defendant made a sudden movement to hide the evidence of his guilt."

In the instant case it is to be specifically noted that, not only had the officer turned on the police car flashing lights, but he had turned his spotlight on to the driver's side of the defendant's vehicle when he saw the defendant throw the object from the car. As stated above, the defendant testifying in his own behalf denied that he threw anything from the car. The assisting officer in an almost immediate search found a packet containing the suspected narcotics. This court will not disturb the finding of a jury in the absence of a clear miscarriage of justice. Here, the jury was justified in finding that the object thrown by the

defendant from the car was the object recovered by the police officer some 2-3 minutes later.

■■ Lastly, the defendant contends that the sentence is excessive. The penalty provided by statute for the offense herein is a fine of not less than $100 nor more than $1000 or imprisonment for not more than a year, or both imprisonment and fine for a first violation. (Ill. Rev. Stat. (1969), Ch. 111½, Sec. 804.) This court sees no reason to reduce the sentence imposed by the trial court who heard the facts and observed the witnesses.

The judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.