THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HENRY ANDERSON GREEN, Defendant-Appellee.

(No. 11865; )

Fourth District—November 29, 1972.

Lawrence E. Johnson, State's Attorney, of Urbana, (James R. Burgess, Jr., Assistant State's Attorney, and L. Keith Hays, Senior Law Student, of counsel,) for the People.

Robert N. Corley, of Urbana, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On February 25, 1972, a Complaint charging defendant-appellee, Henry A. Green, with unlawful possession of marijuana was filed in the

Circuit Court of Champaign County. The People appeal from an order suppressing evidence and striking the cause. Defendant urges that the People have no right to appeal and that we, therefore, lack jurisdiction.

The record establishes that on February 28, 1972, the defendant, his counsel and the State's Attorney appeared in open court at which time the defendant was furnished a copy of the Complaint. The cause was then continued, on defendant's motion, to March 7, 1972 at 1:30 P.M. to enable defendant to submit written motions.

On March 7, 1972, defendant filed a written, unverified Motion to Suppress evidence, consisting of legal conclusions unsupported by factual allegations. On the same day the Court, without hearing any evidence, entered the following order:

> "Now on this day Defendant's counsel is present in open court at the hour of 1:30 o'clock P.M. and submits written Motion to Suppress. Case held open until the hour of 2:35 o'clock P.M. and State's Attorney appears not. Upon consideration thereof, said Motion to Suppress is by the Court allowed and cause stricken, bond released."

The record fails to disclose any proof of service of a copy of the motion or notice of hearing on the motion. The trial judge made no findings of fact or conclusions of law in connection with his ruling on the Motion to Suppress as required by ch. 38, sec. 114—12(e) Ill. Rev. Stat. 1971.

The defendant states that the issue presented for appeal is "Whether the State in a criminal case can appeal a finding of no probable cause that the person complained against committed the offense charged." As to this we need only observe that the trial judge made no such finding.

The People contend that the order is appealable and assert that the trial court had no "jurisdiction" to suppress the evidence since the People received no notice of the hearing and also urge that the judgment of the trial court finds no support in the record.

■■ The right of the People to appeal the order suppressing the evidence is explicitly provided for in Ill. Rev. Stat. 1971, ch. 110A, Rule 604(a)(1). In *People v. Drury*, 130 Ill.App.2d 798, 268 N.E.2d 460, the defendant urged on appeal that the trial court erred in denying a motion to suppress evidence without making findings of facts and conclusions of law. In ruling on this contention this court observed "While it is preferable and there be findings of facts and conclusions of law, the absence of such does not require a reversal *if, as here, it can fairly be said that the record and evidence would sustain the ruling of the trial court notwithstanding the absence of such findings.*" (Emphasis supplied.) See also *People v. Townsend*, 6 Ill.App.3d 873, 286 N.E.2d 801; *People v. Sullivan*, 7 Ill.App.3d 417, 287 N.E.2d 513. In contrast to the

circumstances present in *Drury, Townsend* and *Sullivan* the record here is totally barren of testimony or other evidence relating to the issue of search and seizure and this necessitates reversal of the trial court's ruling on the Motion to Suppress. Neither is there any basis in the record to warrant the striking of the Complaint, the only authority for which is to be found in ch. 38, sec. 114—1, Ill. Rev. Stat. 1971.

The judgment of the trial court is reversed, the cause remanded with directions to reinstate, and conduct a hearing on defendant's Motion to Suppress, following which findings of facts and conclusions of law are to be made as required by the statute.

Reversed and remanded with directions.

TRAPP, P. J., and SMITH, J., concur.