FLORA SUTTLE, Plaintiff-Appellant, *v.* THE POLICE BOARD OF THE CITY OF CHICAGO *et al.,* Defendants-Appellees.

(No. 56878;

First District (1st Division)—April 9, 1973.

Kleiman, Cornfield & Feldman, of Chicago, (J. Dale Berry, of counsel,) for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Thomas J. Cachor, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

The Police Board of Chicago ordered discharge of Flora Suttle (plaintiff) from her position as a junior clerk in the Police Department of Chicago. She appeals from a subsequent order of the circuit court dismissing her complaint for administrative review (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—45; ch. 110, par. 264 *et seq.*) and also denying her motion to remand the cause to the Board.

In this court, plaintiff contends that the decision of the Board is contrary to the manifest weight of the evidence; fails to set forth sufficient findings as to probative facts and that "the decision to discharge plaintiff was the product of an improper commingling of the prosecutive and adjudicatory functions."

As regards the first contention, it is not necessary to summarize the evidence in complete detail. On September 26, 1969, at about 11:30 P.M. plaintiff and a group of her coworkers left police headquarters at the end of their work. They walked together through a doorway and down a staircase leading to the first floor. There were approximately six employees in the group. One member of the group testified that while on the stairs she was kicked in the back by plaintiff so that she fell down several stairs and then was attacked and beaten by plaintiff. This testimony is corroborated by another member of the group. Plaintiff denied that she kicked the other woman downstairs and denied that she beat her afterwards. Three other members of the group all testified that they did not see plaintiff kick or strike the complainant. It thus appears that the testimony was contradictory so that a question of credibility was presented to the Board for decision.

■■■ In *Davern v. Civil Service Com.*, 47 Ill.2d 469, 471, 269 N.E.2d 713, the Supreme Court cited the Administrative Review Act to the effect that findings of administrative agencies on questions of fact are *"prima facie* true and correct." (Ill. Rev. Stat. 1971, ch. 110, par. 274.) The court further stated that this provision had been construed "*   *   * to limit the function of the reviewing court to ascertaining whether the findings

and decisions of the administrative agency are against the manifest weight of the evidence." In other words, this court must determine "* * * whether the final decision of the administrative agency is just and reasonable in light of the evidence presented." (*Davern v. Civil Service Com.*, 47 Ill.2d 469 at page 471.) In a recent case, this court set forth this accepted doctrine and further pointed out that, "where the resolution of factual issues is dependent upon the credibility of the witnesses, the courts will not, on review, reweigh the evidence even though an opposite conclusion might be reasonable." *Moriarty v. Police Board of Chicago*, 7 Ill.App.3d 978, 982, 289 N.E.2d 32.

■■ Application of these familiar and established principles to the case at bar requires us to conclude that the decision of the Board is based upon sufficient evidence; that it is not contrary to the manifest weight of the evidence and that plaintiff's contention must be rejected.

■■ The decision of the Board incorporates seven findings. It recites the status of plaintiff; the service of written charges and notice of the hearing upon plaintiff; the actual holding of the hearing at which plaintiff appeared in person and with her own counsel; denial of motions made by plaintiff; a statement that plaintiff is guilty of violating Rule 2 of the Police Department by "* * * action or conduct which impedes the Department's efforts to achieve its goals, or brings discredit upon the Department * * *" and concludes with the finding that plaintiff pushed the complainant, a Police Department employee, down a flight of stairs at police headquarters and then struck complainant repeatedly while she was lying on the floor. In our opinion, these findings are ample and complete for all purposes. They show that the Board did not act arbitrarily and they expound the rationale of its decision. They give ample advice to the litigants as to the reasons underlying the Board's action. Also, these findings are sufficient for review by this court as they indicate to us the basis upon which the Board reached the conclusion that it did.

In our opinion, no greater detail or prolixity of findings should be required in the decision of an administrative agency involving the type of question here presented. As pointed out, findings of this type are sufficient for all practical purposes in connection with discharging the function of the administrative agency and simultaneously affording proper protection to the rights of all litigants before the agency and before the reviewing court.

Plaintiff depends upon *Maywood Trotting Assn. v. Racing Com.*, 15 Ill.2d 559, 155 N.E.2d 626. There, the Supreme Court reviewed an order of the Illinois Harness Racing Commission allocating dates. The court held that the case was moot because the challenged dates had

passed. The court criticized the absence of express findings of fact in the Commission's order. However, as the Supreme Court pointed out, the applicable statute required the Racing Commission to give due consideration to a number of specific factors in granting of racing licenses and allocating dates for racing meets. (Ill. Rev. Stat. 1957, ch. 8, par. 37s.10.) Absence of express findings as to these various factors made the basis of the Commission's decision questionable. There is no similar statute applicable to decisions by the Police as involved in the case at bar.

Complete refutation of plaintiff's contention also rests upon other adequate grounds. There is no statutory requirement for detailed and specific finding of facts in a decision by the Board. It has been aptly stated that such a requirement would necessarily be "judicially manufactured." (*Massey v. Fire & Police Com. of Mt. Vernon*, 26 Ill.App.2d 147, 149, 167 N.E.2d 810.) In *Massey*, the court pointed out that the record of the testimony before the administrative agency was preserved for review so that specific findings were not essential to the reviewing tribunal. The court held that the absence of specific findings of fact was not ground for reversal of the agency's decision and pointed out, "It would be of no help to the court, nor any benefit to plaintiff, to add a requirement for findings of fact by the board." 26 Ill.App.2d 147, 151.

Similarly, in *Rauland Div., Zenith Radio v. Metropolitan Sanitary Dist.*, 2 Ill.App.3d 35, 275 N.E.2d 756, this court upheld an administrative decision of the Board of Trustees of the Sanitary District against the contention that written findings were required. This contention was based upon the use of the word "findings" in section 11 of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 274) and upon the due-process provisions of the Illinois and United States constitutions. This court held that a general finding by the Board was sufficient. The standard used was that "* * * the findings of the Board were sufficient and adequate to permit an orderly and efficient review of the Board's decision." 2 Ill.App.3d 35, 40.

■■ By way of further analogy, the Criminal Code of Illinois provides that the order or judgment of the court which grants or denies a motion to suppress "* * * shall state the findings of fact and conclusions of law upon which the order or judgment is based." (Ill. Rev. Stat. 1971, ch. 38, par. 114—12(e).) However, it has been consistently held in this jurisdiction where the evidence as preserved and presented to the reviewing court fairly sustains the ruling of the trial court, that ruling will be affirmed even though the trial court made no express findings of fact or conclusions of law. *People v. Green*, 8 Ill.App.3d 737, 290 N.E.2d 12; *People v. Eastin*, 8 Ill.App.3d 512, 517, 289 N.E.2d 673.

After the hearing before the Police Board had concluded and plaintiff had filed her complaint for administrative review, her counsel noted in the record a letter from an assistant corporation counsel to the secretary of the Police Board, dated August 5, 1970, stating as follows:

"August 5, 1970

Mr. Raymond Hauser
Secretary of the Police Board
1121 S. State Street
Chicago, Illinois 60605
Dear Sir:

Pursuant to your request for aid in preparing the findings and decision of the Police Board relating to Junior Clerk Flora Suttle, assigned to the Field Inquiry Section of the Department of Police of the City of Chicago, we are enclosing findings and decision prepared in accordance with the information contained in your communication.

Very truly yours,
/s/ Fred Kunik
Fred Kunik,
Assistant Corporation Counsel

Approved:
/s/ Richard L. Curry
CORPORATION COUNSEL
FK/mfg
Encl."

As a result, plaintiff's counsel filed in the circuit court a motion for taking of the depositions of the members of the Board and employees of the corporation counsel or, alternatively, that the cause be remanded to the Board for the taking of additional, newly discovered evidence. (See Ill. Rev. Stat. 1971, ch. 110, par. 275(1)(g).) Thereafter, plaintiff filed an amended motion for remand of the cause to the Board for additional and newly discovered evidence. The substance of this motion is that the corporation counsel and attorneys from that office had occupied an improper dual role in prosecuting plaintiff before the Board and then in participating in the decision-making process of the Board. We cannot agree.

■■ A fair and reasonable reading and interpretation of the letter in question shows only that the corporation counsel aided the Board in preparing its findings and decision. We would gather from this letter that this action was taken at the request of the Board and pursuant to information presented by the Board to the corporation counsel. The latter acted apparently only by placing in final form the decision previ-

ously reached by the Board. Under no circumstances can we construe this as participation of the corporation counsel in the decision-making process. Analogously, after a trial court has decided a complicated chancery case, the preparation and presentation of a lengthy judgment order by counsel for the successful party could not be characterized as participation in or influencing the decision-making process.

In *Hammers v. Board of Fire and Police Comm'rs*, 10 Ill.App.2d 218, 134 N.E.2d 647, proceedings against an officer were initiated by a detailed set of charges prepared by the Chief of Police and submitted to the Board. Formal charges were prepared by the Board incorporating the substance of these charges. This court held that the Board did not, as a result of this process, act in a dual role, but that the Board had merely caused the substance of the charges to be written and served upon the respondent.

Plaintiff's reliance upon *Wong Yang Sung v. McGrath*, 339 U.S. 33, cannot assist her. There, the Supreme Court held that the hearing officer in a deportation procedure could not be a person who had acted in investing or prosecuting the pending case. This was in accordance with the specific requirements of the applicable Federal statute. (See 339 U.S. at 45.) Similarly, in *Camero v. United States*, 375 F.2d 777, there was actually indirect consultation between a prosecuting attorney and the person charged with rendering the opinion prior to formulation of the decision. On the contrary, in the case at bar, the only logical interpretation of the letter which is the sole basis of plaintiff's claim is that the function of the corporation counsel was limited to the technical task of couching the decision in proper legal form after the substance of that decision had been independently formulated by the Board.

We find no error in this record and the order appealed from is accordingly affirmed.

Order affirmed.

BURKE, P. J., and EGAN, J., concur.