RONALD R. COLES, Plaintiff-Appellant, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 77-1797

Opinion filed May 2, 1978.

George B. Collins, of Collins & Amos, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

By this appeal, plaintiff, Ronald R. Coles, seeks to vacate an order of the Department of Registration and Education of the State of Illinois (hereinafter "Department") and its acting director, Joan G. Anderson, which suspended plaintiff's real estate salesman license. The order, issued after a full administrative hearing, concluded that plaintiff had violated the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1973, ch. 114½, par. 115(b)), in that plaintiff had been convicted of two counts of the offense of "Interference with Commerce by Threats or Violence" (18 U.S.C. §1951 (1976)), a felony, in the United States District Court for the Northern District of Illinois and for which plaintiff had been sentenced to serve a term of probation for three years. The Department found that this conviction warranted a temporary forfeiture of plaintiff's real estate salesman license and suspended plaintiff's license for a period coterminous with his Federal probationary period. In an action brought

pursuant to the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*), the circuit court of Cook County affirmed the order of the Department.[1] This appeal follows.

The issues properly presented for review concern whether the Department abused its discretion in suspending plaintiff's license. In particular, plaintiff asserts (1) that the "concurrent suspension" is merely an unwarranted infliction of punishment in addition to the Federal sentence of probation; (2) that the Department failed to explicitly find that the public interest required suspension of plaintiff's license; and (3) that the evidence adduced at the administrative hearing would not support such a finding.

In support of the complaint, defendants adduced evidence which established that plaintiff had been charged by indictment with five counts of extortion in violation of 18 U.S.C. §1951 and two counts of making and subscribing false income tax returns in violation of 26 U.S.C. §7206. Following a bench trial, defendant was found guilty of two of the extortion counts and not guilty of the remaining counts. Plaintiff was sentenced to three years probation on each count, the terms to run concurrently.

Plaintiff stipulated to the circumstances surrounding the convictions. It was learned that at the time of the alleged crimes, plaintiff was President of the Lake County Board and, as such, was the Liquor Commissioner of Lake County. The two counts on which defendant was found guilty alleged that, while serving as liquor commissioner of Lake County, plaintiff extorted $500 from one William Dugan when Dugan was seeking to obtain a liquor license, and extorted $300 from one Joseph Budy when Budy was seeking to renew his Lake County liquor license. The Department rested upon that stipulation and offered no evidence relating to any other matter.

Plaintiff testified in his own behalf and indicated that at the time of the hearing he was holding political office as the supervisor of Lake Villa Township. In that office he had handled substantial funds without criticism or adverse audit findings. Plaintiff further testified that he did not solicit payment from either Dugan or Budy and that both payments were handed to plaintiff at a time when plaintiff was an elected public official with continuing campaign expenses. The monies received from Dugan and Budy were used to defray the costs of plaintiff's political campaigns.

Plaintiff contends that the suspension of his real estate salesman license

---

[1] This court stayed enforcement of plaintiff's suspension pending appeal and ordered that, in the event that the decision of the lower court is affirmed, the suspension shall begin from the date of the issuance of the mandate of the highest reviewing court. In such event, the suspension period shall equal the number of calendar days from November 21, 1977 to and including the date of the termination of plaintiff's Federal probationary status, but is not to exceed 577 calendar days.

for a period coterminous with his Federal probationary status is merely an infliction of punishment without any relation to the public interest and, therefore, should be set aside.

We note at the outset that Illinois courts have recognized a substantial State interest in regulating the real estate sales profession. Indeed, the predominant purpose of the State in licensing a trade or profession is the prevention of injury to the public by assuring that the occupation will be practiced with honesty and integrity, excluding from the profession those who are incompetent or unworthy. (*Kaplan v. Department of Registration & Education* (1977), 46 Ill. App. 3d 968, 361 N.E.2d 626.) In licensing real estate salesmen that concern is evidenced in section 101 of the Act, which declares:

> "The intent of the legislature in enacting this statute is to evaluate the competency of persons engaged in the real estate business *for the protection of the public.*" (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 114½, par. 101.)

In *Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 370 N.E.2d 1198, the court observed:

> "The essence of the Act is remedial and it is settled law that a statute which is intended to promote the public welfare will be liberally construed. (*May v. Pollution Control Board* (1976), 35 Ill. App. 3d 930, 342 N.E.2d 784.) The focus of the Act is upon evaluation of a licensee's conduct with regard to fitness to practice the profession as it affects the public. Although a license suspension may be a hardship, resulting in the loss of livelihood, the action is not a criminal prosecution. A suspension is neither a judgment of the illegality of prior acts nor the infliction of a punishment for them. (*In re Damisch* (1967), 38 Ill. 2d 195, 230 N.E.2d 254; *Klafter v. State Board of Examiners of Architects* (1913), 259 Ill. 15, 102 N.E. 193; *Saleson v. Department of Registration and Education* (1968), 95 Ill. App. 2d 104, 237 N.E.2d 822.) The Real Estate Brokers and Salesmen License Act is not a penal measure, to be strictly construed against the State, but a broad statutory system, interpretation of which must regard the State's interest in protecting the public from the effects of improper conduct by real estate salesmen." 55 Ill. App. 3d 545, 551-52.

With these tenets of construction in mind we must look to the specific provisions of the statute at issue in the case at bar. Section 15(b) of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1973, ch. 114½, par. 115(b)) provides:

> "The Department may refuse to issue or renew, may suspend or may revoke any certificate of registration for any one or any combination of the following causes:
>
> * * *

(b) Where the registrant has been convicted of any crime, an essential element of which is dishonesty or fraud or larceny, embezzlement, obtaining money, property or credit by false pretenses or by means of a confidence game, has been convicted in this or another state of a crime which is a felony under the laws of this State or has been convicted of a felony in a federal court."

This section, on its face, places discretion in the Department as to whether a registrant's criminal conviction necessitates revocation or suspension of that individual's license "for the protection of the public." (Ill. Rev. Stat. 1973, ch. 114½, par. 101.) The statute does not automatically disqualify a registrant from entitlement to a real estate license. Nor does the Act serve to establish an unconstitutional irrebuttable presumption of a registrant's unfitness to hold such license. Nor does the statute in question unconstitutionally discriminate between individuals seeking to obtain a real estate salesman license and those already holding such license. Thus, the provisions of section 15(b) (Ill. Rev. Stat. 1973, ch. 114½, par. 115(b)) do not violate the due process and equal protection clauses of the Fourteenth Amendment. In this regard, plaintiff's reliance upon the case of *Miller v. Carter* (7th Cir. 1977), 547 F.2d 1314, *aff'd* (1978), 46 U.S.L.W. 4087, is misplaced.

Plaintiff complains that the Department failed to render an express finding that plaintiff's continuation as a real estate salesman was not in the public interest. However, the statute in question does not require that such a finding appear of record. Plaintiff's reliance on section 5—5—5(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—5(d)) is premature. That section provides:

"On completion of sentence of imprisonment or on a petition of a person not sentenced to imprisonment, all license rights and privileges granted under the authority of this State which have been revoked or suspended because of conviction of an offense shall be restored unless the authority having jurisdiction of such license rights finds after investigation and hearing that restoration is not in the public interest. This paragraph (d) shall not apply to the suspension or revocation of a license to operate a motor vehicle under the Illinois Vehicle Code."

Plaintiff, as an individual not sentenced to prison, must first petition the agency for restoration of license rights in order to invoke this section. No such petition is contained in the record and plaintiff has not asserted that such a petition has been filed. Moreover, the statute, by its own terms, merely acts to restore licenses which have been revoked because of a conviction. It does not act to bar their initial revocation and it is, therefore, inapplicable to the instant proceedings. It may also be noted that even if the requirements of section 5—5—5(d) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—5(d)) were imposed on the instant case, the absence

of such findings would not mandate reversal if it can be said that the record and evidence would sustain the ruling complained of. See *People v. Sullivan* (1972), 7 Ill. App. 3d 417, 287 N.E.2d 513.

■■  The crimes of which plaintiff was convicted are not unrelated to the professional requirements of a real estate salesman. The evidence adduced in support of the complaint established the circumstances surrounding these convictions. Such ·evidence suggests a pattern of financial dishonesty by an individual in a position of public trust. Plaintiff correctly notes that the transactions which gave rise to these convictions were unconnected with the sale of real estate. However, section 15(b) (Ill. Rev. Stat. 1973, ch. 114½, par. 115(b)) does not require that the felony be so related to the licensed profession. Nor does plaintiff present any authority in support of his proposition that such a relationship need be established and we decline to so hold. See *Bruni v. Department of Registration & Education* (1974), 59 Ill. 2d 6, 319 N.E.2d 37; *Kaplan v. Department of Registration & Education* (1977), 46 Ill. App. 3d 968, 361 N.E.2d 626.

Plaintiff was given every opportunity to present evidence in his own behalf to mitigate the obvious and forceful effect of his convictions. Our review of the evidence prompts us to conclude that the Department properly suspended plaintiff's license to sell real estate.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING and BROWN, JJ., concur.