LOREN F. RAY, Plaintiff-Appellant, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION, Defendant-Appellee.

First District (3rd Division)    No. 80-1022

Opinion filed March 25, 1981.

Daniel L. Weisz, of Woodstock, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Dr. Loren F. Ray, appeals from an order of the trial court affirming the suspension of plaintiff's veterinary license for six months.

Plaintiff is a licensed veterinarian who practices medicine in Rockford, Illinois, in a three-bedroom home which he is developing into a clinic. The defendant Department of Registration and Education lodged a complaint against plaintiff for violation of the Veterinary Medicine and Surgery Practice Act. (Ill. Rev. Stat. 1977, ch. 111, par. 6901 *et seq.*) It charged both that plaintiff was guilty of gross malpractice and that he had failed to keep the premises in sanitary condition.

After a hearing, the examining committee, consisting primarily of licensed veterinarians, recommended to the director of defendant department that plaintiff's license be suspended for six months. In a motion for rehearing before the director, plaintiff argued, *inter alia,* that the committee's findings and conclusions were against the manifest weight of the evidence and that the findings were inadequately set out in its decision. The director denied the motion for rehearing, but directed the committee to amend its findings of fact. The committee amended its findings, and

again recommended the suspension of plaintiff's license. Plaintiff again filed a motion for rehearing before the director. In addition to the previous grounds, plaintiff asserted that error existed because the director had not been presented with the transcript of proceedings before the committee, and that the committee had engaged in some improper *ex parte* communication in reaching its decision. This latter allegation was unsupported by affidavit; nor was the substance of the alleged improper communication set forth. The director denied plaintiff's motion for rehearing. She thereupon adopted the committee's findings and recommendation, and ordered plaintiff's license suspended for six months.

We initially consider plaintiff's contention that the committee's decision is against the manifest weight of the evidence. It is fundamental that a reviewing court may not reweigh the evidence or substitute its judgment for that of the agency. *Hofmeister v. Department of Registration & Education* (1978), 62 Ill. App. 3d 777, 379 N.E.2d 383.

In our view, the committee's decision was overwhelmingly supported by the evidence. In hearings which comprised over 700 pages of transcript, the department presented the testimony of two veterinarians, Dr. Thompson and Dr. Joesten, as well as its inspectors and pet owners whose pets had been treated by plaintiff. Department investigators testified that plaintiff practiced out of his home and surgery was performed in the kitchen. They found that abandoned automobiles were strewn in the debris-cluttered backyard, where several dogs who had been tied to a tree after receiving medical care were confiscated. Pet owners testified to instruments lying on the floor, an unpotted plant in the sink, maggots in a dog food bowl, the odor of urine-soaked carpeting and dried blood, and poor ventilation.

Specific instances were cited where the condition of animals which were treated by plaintiff degenerated and improved only after treatment by another veterinarian. Plaintiff told one person that her dog probably had distemper and, if it did, it would die. Plaintiff prescribed molasses and medication. After the dog vomited from the medicine, the owner took it to Dr. Joesten. Joesten took an X ray and discovered that the dog had ingested tinfoil. He performed surgery, and the dog recovered. Plaintiff did not have an X-ray machine and made no suggestion that the dog be X-rayed. Another owner testified to the treatment of her cat by plaintiff. After surgery for spaying, the cat's condition was poor. When returned to the owner, the cat was dirty, blood-stained and smelling of excrement. The owner took the cat to Dr. Thompson who corroborated the owner's observations. He stated that the cat had peritonitis, that the sutures from the spay operation were nearly totally gone, and that the cat's intestines were exposed. Thompson testified that in his opinion the cat's poor condition was caused by plaintiff's surgical techniques.

Plaintiff testified in his own behalf. His testimony largely consisted of explaining the inferences which could be drawn from the evidence presented. Plaintiff attributed the sutures problem with the cat to the law of probabilities. He pointed out that Dr. Thompson had stated that in three out of four hundred cases, sutures ruptured. Plaintiff also presented the testimony of many witnesses whose pets he had treated. They testified that plaintiff acted competently and in clean surroundings.

■■ The committee, which is primarily comprised of experts, heard the largely undisputed evidence and drew inferences and conclusions from it as to whether plaintiff's actions constituted gross malpractice and whether the premises were unclean. The committee's determination is supported by the evidence.

■■ We also reject plaintiff's contention that the standards of "gross malpractice" and "unsanitary conditions" of the "premises" are unconstitutionally vague. Our supreme court has recently reaffirmed the principle that a statute does not fail for vagueness "if the duty imposed by the statute is prescribed in terms definite enough to serve as a guide to those who must comply with it." (*Chastek v. Anderson* (1981), 83 Ill. 2d 502.) In upholding the validity of the standard of "unprofessional conduct" as a ground for suspension or revocation of a dentist's license, the court stated: "The rationale * * * is that it is impossible to categorize all the acts constituting terms such as 'unprofessional conduct' or 'gross immorality.' Further, terms such as 'unprofessional conduct' are susceptible to common understanding by the members of the profession." The rationale is equally applicable in the present case. It is not unreasonable to hold plaintiff to a standard which has common meaning among the members of his profession. Similarly, when viewed against the Act's purpose of protecting the public, plaintiff should have known that the word "premises" contained in the statute reasonably refers to all areas where pets enter, are examined, treated and retained, including immediately surrounding areas which necessarily impact on the cleanliness of the area where treatment is rendered. Finally, we find no merit in the suggestion that a veterinarian, trained in hygiene, is unable to ascertain what constitutes "unsanitary conditions." The statute is not unconstitutionally vague.

■■ We also find no merit in plaintiff's contention that the committee's findings of fact fail to comply with the requirements of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1977, ch. 127, par. 1001 *et seq.*). Section 14 of the Act requires only that the findings of fact, "if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." The amended findings of fact submitted by the committee and adopted by

the director contain a highly detailed, factual account of the testimony presented at the hearing. The findings comply with the statute.

■■ Plaintiff also maintains that the committee involved itself in an improper *ex parte* communication while deliberating on its amended findings of fact. Only this blanket, unsupported statement appeared in plaintiff's second motion for rehearing before the director. Absent some competent evidence of such a communication and more importantly, that such a communication entered into the committee's deliberative process, a court cannot speculate on the matter. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237; *Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 331 N.E.2d 380.) It appears, however, that the communication complained of is the fact that an attorney for the department drew up the amended findings of fact. We fail to see how the rote act of extracting testimony from a record and compiling this data constitutes an improper *ex parte* communication. The alleged communication consists merely of a duplication of testimony to which plaintiff fully enjoyed the right to cross-examine. No improper communication occurred.

■■ Plaintiff finally contends that the decision must be reversed because the director did not have the transcript of the proceedings in her possession at the hearing on plaintiff's motion for rehearing. There is no requirement that the report of proceedings be sent to the director by the committee. The Act, as well as the agency rule, requires only that the committee "present to the Director its written report of its findings and recommendations." Ill. Rev. Stat. 1977, ch. 111, par. 6915; Rules of Practice in Administrative Hearings in the Department of Registration and Education and Before Committees of Said Department, Rule 12.02 (1976).

■■ Plaintiff also misapprehends the scope of rehearing before the director. She is only authorized to grant or deny a rehearing and may not herself retry the case. In seeking a rehearing, plaintiff bears the burden of stating and proving "the particular grounds therefor." (Ill. Rev. Stat. 1977, ch. 111, par. 6915; *Flynn v. Vancil.*) Then, the director may order a rehearing only if she is "satisfied that substantial justice has not been done." (Ill. Rev. Stat. 1977, ch. 111, par. 6915.) Plaintiff's motion for rehearing, however, merely stated the general contention that the findings were against the weight of the evidence. At the hearing, the director repeatedly requested plaintiff to point to facts in the record which contradicted the committee's findings. Plaintiff's argument at the hearing consisted largely of pointing out the number of pet owners who testified in plaintiff's behalf. The director requested that plaintiff address and rebut the specific instances of misconduct. Plaintiff's principal response was that the department investigators who testified against him were not

credible because they were not veterinarians. It is clear that plaintiff failed to meet his burden of proof before the director that a rehearing was warranted. Without presenting sufficient justifications, plaintiff could not expect the director to *sua sponte* search the 700-page record to find a ground for rehearing. The director properly and correctly denied plaintiff's motion for a rehearing.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.