ROBERT D. ALEXANDER, Indiv. and d/b/a Peoria Scale Service, Plaintiff-Appellant, *v.* DIRECTOR, DEPARTMENT OF AGRICULTURE, *et al.*, Defendants-Appellees.

Third District No. 82—87

────────

Opinion filed January 4, 1983.

HEIPLE, J., dissenting.

Bradley W. Swearingen, of Moehle, Smith & Day, Ltd., of Washington, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Robert D. Alexander filed a complaint for administrative review of a decision of the Illinois Department of Agriculture (hereinafter the Department). After a hearing on the merits, the circuit court of Tazewell County reversed two portions of that decision but affirmed the denial of plaintiff's application for a serviceman certificate of registration. Plaintiff appeals that affirmation. No cross-appeal is presented.

In 1978 and 1979, plaintiff was registered by the Department as a scale repairman pursuant to section 8.1 of the Weights and Measures Act (hereinafter the Act) (Ill. Rev. Stat. 1979, ch. 147, par. 108.1). On December 19, 1979, the Department's Bureau of Products Inspection and Standards informed plaintiff that it had investigated eight complaints against him and the Peoria Scale Service, his registered service agency. A hearing was scheduled for January 22, 1980, to provide the opportunity to show cause why the Department should not revoke, or decline to renew, his registration.

On January 16, 1980, plaintiff requested a bill of particulars and moved for a continuance and dismissal of the administrative proceedings, arguing, *inter alia*, that section 8.1 of the Act (Ill. Rev. Stat. 1979, ch. 147, par. 108.1) was unconstitutionally vague and violative of the nondelegation doctrine. The motion to dismiss was denied, and the hearing was continued to February 11, 1980. The request for a bill of particulars was granted, but plaintiff received copies of the complainants' statements rather than a formal bill. On the date of the hearing, plaintiff requested another continuance until that time when a formal bill was tendered. Finding that the statements and the statute together provided sufficient notice of the charges against him, the continuance was denied and the hearing commenced.

Eight complainants and seven departmental employees testified for the Department. The complainants indicated that they had scales installed by plaintiff that did not function properly or were improperly installed. One scale appeared to have homemade parts and another lacked essential parts. One complainant had paid plaintiff $4,000 and received nothing. A promised refund was never made. Several of the customers were forced to engage other agencies to rectify their scale problems. One complainant had paid $9,000 for a scale which, four years later, had yet to pass a State inspection. A number of departmental employees confirmed the complaints and the scale condemna-

tions. Plaintiff proffered no evidence in his defense.

The first of the three issues presented for our review is whether section 8.1 of the Act (Ill. Rev. Stat. 1979, ch. 147, par. 108.1) constitutes an unconstitutional delegation of power to the Department. To avoid such a characterization, the legislature must have provided sufficient identification of the following in delegating its authority:

"(1) The *persons* and *activities* potentionally subject to regulation;

(2) the *harm* sought to be prevented; and

(3) the general *means* intended to be available to the administrator to prevent the identified harm." *Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 372, 369 N.E.2d 875, 879.

Regarding *persons* and *activities*,

"The legislature must do all that is practical to define the scope of the legislation, *i.e.*, the persons and activities which may be subject to the administrator's authority. This effort is necessary to put interested persons on notice of the possibility of administrative actions affecting them. [Citation.] Of course, the complexity of the subject sought to be regulated may put practical limitations upon the legislature's ability to identify all of the forms the activity may take. [Citation.]" *(Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 372-73, 369 N.E.2d 875, 879.)

Section 8.1 of the Act (Ill. Rev. Stat. 1979, ch. 147, par. 108.1) initially provides:

"All persons installing, servicing, reconditioning, or repairing weighing and measuring devices used in trade or commerce shall be registered ***"

The section later defines a "registrant," a "commercial weighing and measuring device," and "serviceman," and a "service agency." The initial statement of scope and the definitions clearly put an individual such as plaintiff on notice that his activities connected with the installation of commercial weighing devices are subject to the authority of the Department.

Regarding *harm*,

"the legislature may use somewhat broader, more generic language than in the first element. It is sufficient if, from the language of the statute, it is apparent what types of evil the statute is intended to prevent. [Citation.]" *(Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 373, 369 N.E.2d 875, 879.)

We initially note that the predominant purpose of the State in licensing a trade or profession is the prevention of injury to the public by

assuring that the occupation will be practiced with honesty and integrity, excluding from the profession those who are incompetent or unworthy. (*Coles v. Department of Registration & Education* (1978), 59 Ill. App. 3d 1046, 376 N.E.2d 269; *Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 370 N.E.2d 1198, *cert. denied* (1978), 439 U.S. 926, 58 L. Ed. 2d 318, 99 S. Ct. 309; *Kaplan v. Department of Registration & Education* (1977), 46 Ill. App. 3d 968, 361 N.E.2d 626.) While section 8.1 speaks of registration, it shares this aim. It requires possession or availability of appropriate equipment, the taking of an examination, the demonstration of a working knowledge of weighing and measuring devices, and the filing of a performance bond. It can thus be seen that the section, as the entire Act, has been enacted "to protect the public from false weights and measurements by compelling the use of the approved standards" (*Chicago v. Kautz* (1924), 313 Ill. 196, 200). The evil that the section is intended to prevent is that of professionals who fail to so protect the public.

Regarding *means*,

> "the legislature must specifically enumerate the administrative tools (*e.g.*, regulations, licenses, enforcement proceedings) and the particular sanctions, if any, intended to be available. If sanctions are provided, the legislature also must provide adequate standards and safeguards such as judicial review of the imposition of those sanction. [Citations.]" (*Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 373, 369 N.E.2d 875, 879.)

Section 8.1 authorizes the Director of Agriculture to promulgate rules and regulations necessary to enforce its provisions, provides for the registration of individuals who meet its six qualifications, and specifically provides:

> "For cause and after a hearing upon reasonable notice, the Director may deny any application for registration or any application for renewal of registration, or may revoke or suspend the registration of any registrant."

The section also provides for judicial review of all final administrative decisions.

Plaintiff's decisive challenge to the section's constitutionality is directed to these administrative tools. He argues that the "for cause" standard for the denial, revocation, or suspension of registration unlawfully grants the Department the unrestrained power to revoke or suspend registration; that section 8.1 is so vague as to deny an applicant due process; and that the administrative tools unconstitutionally delegate judicial power.

Plaintiff's challenge to the "for cause" standard is twofold. He first contends the legislature failed to establish standards for determining whether an individual met the section's six qualifications. He then posits that no standard or criterion was set forth as cause or justification of denial, revocation or suspension of registration.

■ ■ The General Assembly cannot delegate its general legislative power; however, once it has enacted a statute, it may delegate to others the power to implement the statute which it could itself execute but cannot advantageously or understandingly effect itself. (*Lombard v. Pollution Control Board* (1977), 66 Ill. 2d 503, 363 N.E.2d 814.) The preciseness of the standards it must set depends on the complexity of the subject matter and the ultimate objective of the act in question. (*Hoogasian v. Regional Transportation Authority* (1974), 58 Ill. 2d 117, 317 N.E.2d 534, *appeal dismissed* (1974), 419 U.S. 988, 42 L. Ed. 2d 261, 95 S. Ct. 298.) Where the technical complexity, the diversity of problems, and the degree of detail involved in setting specifications for standards can be better resolved by an administrative body than by the legislature itself, or where the nature of the objective to be achieved and the problems to be solved negate the usefulness of setting more particular standards by the legislature, those specifications for standards or more particular standards need not be articulated by the legislature. (*Cf. Board of Education v. Page* (1965), 33 Ill. 2d 372, 211 N.E.2d 361 (specifications for minimum health and safety requirements).) The statutory section at bar provides for registration of an individual who:

"1. Has possession of or available for use weights and measures standards and testing equipment appropriate in design and adequate in amount to provide the services for which such person is requesting registration.

2. Passes a qualifying examination for each type of weighing or measuring device he intends to install, service, recondition or repair.

3. Demonstrates a working knowledge of all weighing and measuring devices for which he intends to be registered.

4. Has a working knowledge of all appropriate weights and measures laws and their rules and regulations.

5. Files a performance bond with the Department in the amount of $1,000.

6. Pays the prescribed registration fee for the type of registration:

* * * "

While defendant argues that the General Assembly must itself set more particular standards, such as elucidating the manner in which "working knowledge" is to be demonstrated, we find this is precisely the type of task best left to an administrative body. Given the six standards provided by the legislature and the technical complexity here involved, we find no improper delegation of legislative power to the Department and no failure of the General Assembly to establish necessary standards.

 Plaintiff's second challenge to the "for cause standard" is that no standard or criterion was set forth as cause or justification of denial, revocation, or suspension of registration. As has been noted in cases of employee discharge:

> "There is no statutory definition of 'cause.' 'Cause' has been judicially defined as 'some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause of his no longer holding the position.' E.g., *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 441, *aff'd* (1977), 69 Ill. 2d 27." (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 551, 426 N.E.2d 885, 887.)

Similarly, revocation of a license "for cause" has been said to contemplate such cause as would render the licensee unfit to engage in the licensed activity, with his fitness being judged in the light of the potential evil with which the legislature was concerned in enacting the licensing legislation. (See 51 Am. Jur. 2d *Licenses and Permits* sec. 58 (1970).) This being the case, and having the six qualifications as guidance, we perceive no constitutional infirmity with the section's use of the "for cause" standard.

 ▌ Plaintiff's next challenge to the section's administrative tools is that the section is so vague as to deny an applicant due process. A statute does not violate the due process clause of the United States or Illinois constitution on grounds of vagueness, if the duty imposed by the statute is prescribed in terms definite enough to serve as a guide to those who must comply with it. (*Chastek v. Anderson* (1981), 83 Ill. 2d 502, 416 N.E.2d 247.) For the reasons previously indicated, we find the section is sufficiently definite to serve as such a guide.

 Plaintiff's final challenge to the administrative tools is that they provide an unconstitutional delegation of judicial power to the Department. The granting or revocation of a license is not an exercise

of judicial power (*Klafter v. State Board of Examiners of Architects* (1913), 259 Ill. 15), but rather the exercise of quasi-judicial power incidental to the duty of administering the law relating to the regulation of a particular business or calling and does not constitute the exercise of judicial power within the prohibition of the constitution (*People ex rel. Rice v. Wilson Oil Co.* (1936), 364 Ill. 406, 4 N.E.2d 847). We find no difference in the granting or revocation of the registration herein. We therefore hold that section 8.1 of the Act (Ill. Rev. Stat. 1979, ch. 147, par. 108.1) does not constitute the unlawful delegation of judicial power to the Department.

The second issue is whether the Department, having failed to promulgate rules or regulations pursuant to section 8.1 of the Act (Ill. Rev. Stat. 1979, ch. 147, par. 108.1), was limited by the standards set forth in the section and bound by the procedures it had followed in approving applications for registration. Plaintiff argues that the Department's finding that cause existed for denial of registration was arbitrary and capricious, as having established procedures for registration, it could not unilaterally establish additional criteria by which to judge the worthiness of a registrant. Plaintiff further argues that the registrant would be denied due process in that he would be uninformed of the criteria necessary for continued registration.

While it is true that an agency may be bound by its own established custom (*Olin Corp. v. Pollution Control Board* (1977), 54 Ill. App. 3d 480, 370 N.E.2d 3, *appeal denied* (1978), 71 Ill. 2d 599) or an informal practice (*Gatica v. Department of Public Aid* (1981), 98 Ill. App. 3d 101, 423 N.E.2d 1292), we fail to see how the Department could be so bound as this is the first nonrenewal action initiated by it. Plaintiff essentially maintains that as he followed the same procedures in applying for registration as in past years, the Department was bound to register him again and was barred from considering the complaints against him. The section itself rebuts this position. As previously indicated, the denial, revocation, or suspension of registration occurs "for cause" and after a hearing upon reasonable notice. (Ill. Rev. Stat. 1979, ch. 147, par. 108.1.) Thus on the face of the statute, this procedure differs from that of registration. As for the alleged imposition of criteria in addition to the statutory standards, we note the relevant findings of the Department:

"4. That, according to the evidence, Respondent has consistently demonstrated an inability to provide and install, on a timely basis, scales which the recipient can reasonably expect to operate accurately, possess appropriate design features, or in some cases, to function at all.

5. That, according to the evidence, Respondent failed to demonstrate an acceptable level of knowledge of the appropriate weights and measures laws by failing to advise, ill-advising, or simply failing to perform the procedures required to achieve statutory compliance.

6. That, in no case, did Respondent follow the required procedure of filing a 'Placed In Service Report' for those scales which Respondent had indicated to recipient were ready for commercial use. Would or could, be ready for commercial use.

7. That Respondent is therefore, according to the evidence, found to be in violation of the Illinois Weights and Measures Act in that Respondent has failed to demonstrate compliance with section 108.1 of the Act requiring '...a working knowledge of all weighing and measuring devices for which he intends to be registered,' '...a working knowledge of weights and measures laws...,' and that 'each registered service company and serviceman shall file the "Placed in Service Report." ' "

It can be seen that these findings directly correspond to specific statutory standards. This being the case, we need not reach the question of whether additional criteria may be considered in determinations under the "for cause" standard.

As to plaintiff's contention that a registrant would be denied due process in that he would be uninformed of the criteria necessary for continued registration, we have previously concluded the "for cause" standard withstands constitutional scrutiny and no additional criteria were here involved.

The final issue presented is whether the hearing officer abused his discretion in failing to grant a continuance until the Department complied with plaintiff's motion for a bill of particulars. As this issue was not presented to the trial court, and an appellate court will only consider such questions as were raised and preserved in the lower court (*Leffler v. Browning* (1958), 14 Ill. 2d 225, 151 N.E.2d 342), we find the issue has been waived.

Accordingly, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY, P.J., concurs.

JUSTICE HEIPLE, dissenting:

Plaintiff, Robert D. Alexander, registered as a scale repairman pursuant to section 8.1 of the Weights and Measures Act, suffered a revocation of that registration. (Ill. Rev. Stat. 1979, ch. 147, par. 108.1.) He brought suit for administrative review in circuit court but was again rebuffed. He now appeals that affirmation of the revocation of his registration. I would reverse.

Section 8.1 of the Act authorizes the Director of Agriculture to promulgate rules and regulations necessary to enforce its provisions and further provides that the Director may revoke a registration "for cause."

No rules or regulations were ever promulgated. "For cause" was never defined. Notwithstanding this lack, a hearing was held before the Department of Agriculture to provide Alexander with the opportunity to show cause why the Department should not revoke, or decline to renew, his registration. As noted, Alexander was unsuccessful and his registration was revoked.

At the outset, it must be conceded that the Department proved Alexander to be an unreliable scale repairman. As is correctly noted in the majority opinion, scales that he worked on were improperly installed and did not work properly. He collected fees in advance and failed to perform at all. He neglected to make a promised refund. Complaints against him were unrebutted. Alexander offered no evidence in defense.

I would further concede that the public would be better served if Alexander were not registered as a scale repairman. Where I part with the majority is on their conclusion that there was any legal basis to revoke his registration. There was none. The Department had never promulgated any rules or regulations as authorized by statute. Although the statute contemplates that registrations may be revoked "for cause," those words do not stand alone as authority for revocation. The statute must be read as a whole. Yes, a registration may be revoked for cause but only after suitable rules and regulations have been promulgated. Reading the statute as a whole, that is what it says.

If the Director of the Department of Agriculture were to follow the statute and promulgate proper rules and regulations pertaining to the registration and revocation of registration for scale repairmen, he would then have a legal basis to seek a revocation in a proper case. The faults, defaults and deficiencies in Alexander's case are such as could easily be categorized in such rules and regulations.

Since, however, the Director of Agriculture failed to promulgate

rules as authorized by statute, he has no basis on which to proceed with revocation proceedings against Alexander. The proceedings in this case, not being based on law, not only violated Alexander's rights under the statute in question but violated as well his right to procedural due process under our State and Federal constitutions.

Accordingly, I dissent.