LAWRENCE C. HAMMER *et al.*, Plaintiffs-Appellants, v. THE CITY OF PEORIA BOARD OF FIRE AND POLICE COMMISSIONERS, Defendant-Appellee.

Third District    No. 3—89—0381

Opinion filed March 27, 1990.

Robert D. Gaubas, of Robert D. Gaubas, Ltd., of Peoria, for appellants.

J. Reed Roesler and Leonard W. Sachs, both of Keck, Mahin & Cate, of Peoria, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant Board of Fire and Police Commissioners of the City of Peoria (Board) denied the plaintiffs' request for promotion to the rank of lieutenant. The circuit court affirmed the Board's decision. The plaintiffs, Lawrence C. Hammer and Sandra S. Johnston, appeal.

The record shows that on July 7, 1982, a promotional register for the rank of lieutenant became effective for the Peoria police department. On July 3, 1985, the Board struck the names of all the remaining candidates appearing on the 1982 register. At the time, the plaintiffs held the top two positions on the register.

After the plaintiffs discovered that the Board had stricken the 1982 list, they requested that it reconsider its decision. At a hearing held on October 7, 1987, the plaintiffs argued that if any vacancies existed for the rank of lieutenant on July 3, 1985, the Board was required by law to fill those vacancies from the 1982 list before striking it. The plaintiffs further argued that a vacancy did in fact exist at the time the 1982 list was stricken.

The Board denied the plaintiffs' request, finding that the city manager had not certified that a vacancy existed. The plaintiffs appealed the Board's decision to the circuit court, reiterating their claim that a vacancy had existed on July 3, 1985, which the Board was required to fill from the 1982 list.

The Board attached to its answer the affidavit of Peoria Police Superintendent Allen H. Andrews, which revealed that on April 24, 1985, Richard J. Scovil was temporarily promoted from the rank of lieutenant to captain. However, prior to that appointment, City Manager James B. Daken told Andrews that if Scovil's appointment to captain became permanent, he would not approve the filling of Scovil's former position and that it was his intention to reduce the number of lieutenants from 11 to 10. Andrews further attested that on the day the Board struck the 1982 register, there were 10 police officers who held the rank of lieutenant.

The plaintiffs introduced into evidence in the circuit court a memo dated December 13, 1985, from Superintendent Andrews to City Manager Daken. In his memo, Andrews noted that there was no current promotional list and requested that Sergeant Robert Krueger be temporarily appointed a lieutenant for 60 days to fill the vacancy created by Scovil's promotion to captain. The plaintiffs also introduced into evidence a memo dated February 5, 1986, in which Superintendent Andrews requested the appointment of Krueger to lieutenant for an additional 60 days.

On appeal, the plaintiffs initially contend that the circuit court improperly considered additional evidence that was not before the Board. Specifically, the plaintiffs contend that the court erroneously accepted, among other items, Superintendent Andrews' affidavit, which was not before the Board.

We note that a circuit court should not consider any matters not before an administrative board. (*Jackson v. Department of Labor* (1988), 168 Ill. App. 3d 494, 523 N.E.2d 5.) However, we also note that issues not raised and preserved in the lower court are deemed waived on appeal. *Alexander v. Director, Department of Agriculture* (1983), 111 Ill. App. 3d 927, 444 N.E.2d 811.

In the instant case, the record indicates that both the plaintiffs and the defendant were allowed to present matters that apparently were not before the Board. Moreover, we note that the plaintiffs did not object in the circuit court to the questioned evidence. Since this is a civil case and no objection was raised in the lower court, we find that the plaintiffs have waived the issue on appeal.

The plaintiffs' main contention on appeal is that section 10—2.1—

15 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—15) requires the Board to consider whether a vacancy exists before striking the names of candidates for promotion. The plaintiffs further contend that a vacancy did exist and that the Board failed to consider this before striking the register.

The defendant responds that the Peoria City Code establishes when a vacancy exists. It further contends that since no vacancy was certified in accordance with the code, it properly struck the 1982 promotional list.

Section 10—2.1—15 provides in relevant part that "[t]he board shall strike off the names of candidates for promotional appointment ***, provided there is no vacancy existing which can be filled from the promotional register." (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—15.) The question thus becomes when does a vacancy exist "which can be filled from the promotional register"?

We agree with the defendant that section 28—4 of the Peoria City Code (Peoria City Code §28—4 (1975)) answers that question. Section 28—4 provides in relevant part that "the board *** shall not fill any vacancies *** or make any promotions within the department of police *until requested in writing by the superintendent of police with the approval of the city manager* to fill such vacancies or make such promotions." (Emphasis added.) (Peoria City Code §28—4 (1975).) Accordingly, we find that for a vacancy to have existed, a written request must have been made by the superintendent of police and it must have been certified by the city manager.

The instant record indicates that at the time the Board struck the 1982 promotional register, the city manager not only declined to authorize the promotion of any candidate, but had expressed his intention to reduce the number of lieutenants in the police department. Consequently, the Board never received a written request from Superintendent Andrews to promote a lieutenant from the 1982 register. Thus, we find that no vacancy existed when the Board struck the 1982 register.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.